UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROY A. BOURGEOIS and )<br>BOURGEOISWHITE, LLP, )<br>                               Plaintiff, )<br>)<br>    v. )<br>)<br>)<br>BLUE CROSS BLUE SHIELD OF )<br>MASSACHUSETTS, BOSTON HILL )<br>ADVISORS, LLC, and JOSEPH HAYES, )<br>                              Defendants. )<br>) | CIVIL ACTION<br>No. 20-40051-TSH |

**MEMORANDUM OF DECISION AND ORDER**
March 31, 2021

**HILLMAN, D.J.**

### Background

Roy A. Bourgeois ("Bourgeois") and BourgeoisWhite, LLP ("BourgeoisWhite" and together with Bourgeois, "Plaintiffs") have filed a complaint against Blue Cross Blue Shield of Massachusetts, Inc. ("BCBS"), Boston Hill Advisors, LLC ("Boston Hill"), and Joseph Hayes ("Hayes" and together with BCBS and Boston Hill, "Defendants") asserting: (1) that BCBS violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C §1132 (Count I); (2) a claim against Boston Hill and Hayes for the breach of contract (Count III); (3) a claim against Boston Hill and Hayes for breach of the covenant of good faith and fair dealing (Count IV); (4) a claim for negligence against Boston Hill and Hayes (Count V); (5) a claim for negligent misrepresentation against Boston Hill and Hayes (Count VI); and (6) a claim against

Boston Hill and Hayes for unfair or deceptive acts or practices under Mass. Gen. L. ch. 93A ("Chapter 93A") (Count VII). Plaintiffs have also filed a claim for preliminary injunction (Count II) seeking to enjoin BCBS from denying Bourgeois health insurance coverage per the terms of his policy.

Plaintiffs' claims arise out of Bourgeois' failure to enroll in Medicare Part B coverage after he attained the age of 65. More specifically, Bourgeois is a participant in the Employee Health Benefit Plan ("Plan") established by his employer, BourgeoisWhite. In August 2019, Bourgeois required emergency coronary artery bypass surgery. BCBS notified Bourgeois that it was refusing to cover all of the the medical expenses because, they were to be covered by Medicare. Bourgeois had not applied for Medicare Part B coverage upon attaining the age of 65 as required by the terms of the Plan. The total surgical costs were approximately $140,000. BCBS refused to cover $47,123.67 of the medical expenses and another $8,548.75 in out-patient services.

This Memorandum and Order addresses the following: BCBS's motion to dismiss (Docket No. 16); Hayes' motion to dismiss (Docket No. 26); and Boston Hill's motion for judgment on the pleadings (Docket No. 32). For the reasons set forth below, those motions are *granted,* in part and, *denied*, in part. Plaintiff has also filed a motion to strike *Exhibit B* from BCBS' motion to dismiss (Docket No. 25). That motion is *denied*.

### Standard of Review

#### The Motion to Dismiss

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's well plead facts as true, "drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.

1955, 1973 (2007); *see also Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)) (holding that the Court must give the plaintiff "the benefit of all reasonable inferences therefrom"). The Court's plausibility standard maintains that the plaintiff must state a claim where the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

Significantly, the plausibility standard differs from a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Additionally, the plaintiff's complaint must contain factual allegations rather than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011). When the plaintiff's well-pleaded facts does not assert "enough heft to show that plaintiff is entitled to relief", then dismissal is appropriate. *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008).

Motion for Judgment on the Pleadings

Rule 12(c) provides that once pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "[T]he fate of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004). The standard of review for a 12(c) motion is identical to that of a 12(b)(6) motion. *See Doe v. Brown Univ*., 896 F.3d 127, 130 (1st Cir. 2018). It is proper for a court to make a judgment on the pleadings when the

complaint fails to show a plausible right to relief. *See Villeneuve v. Avon Prods., Inc.*, 919 F.3d 40, 49 (1st Cir. 2019).

## Facts

### Bourgeois' Coverage and Incurred Medical Expenses

Bourgeois is an employee of BourgeoisWhite, a law firm with less than 20 employees. BourgeoisWhite offers employees a group healthcare insurance plan through BCBS (previously defined as the "Plan"). Hayes acted as an agent of the Plaintiffs in researching, recommending, and obtaining the Plan. Bourgeois has been enrolled in the Plan for several years and has at all times made timely premium payments. On November 25, 2016, Bourgeois turned 65 and enrolled in Medicare Part A, but not Medicare Part B. Bourgeois continued to pay his premiums after turning 65.

Boston Hill is Haye's alleged employer. Boston Hill's website explicitly states: "If you are still working and have employer-provided health care it makes sense to apply for Medicare part A when you turn 65, but you don't have to enroll in Parts B or D, and there is no penalty." None of the Defendants notified Bourgeois of any change in his coverage after he had turned 65.

Bourgeois incurred thousands of dollars in medical costs attributable to emergency coronary artery bypass surgery in August 2019. BCBS denied coverage for approximately $55,000 of the medical expenses related to Bourgeois' surgery. BCBS's stated reason for refusing to pay these expenses is that they were to be covered by Medicare Part B. Under the terms of the Plan, because BourgeoisWhite has less than twenty employees, Bourgeios was required to enroll in Medicare Part B upon turning 65.

After BCBS denied coverage, Bourgeois contacted Hayes who advised him to apply for Medicare Part B and request a retroactive effective date, and then apply to BCBS for an

exception request. Hayes further advised Bourgeois that an appeal to BCBS prior to receiving the Medicare Part B retroactive effective date would be futile. Bourgeois has since obtained Medicare Part B coverage with an effective date of May 1, 2020.

<u>Relevant Plan Provisions</u>

Of significance to this action, the Plan and related Plan Sponsor Manual included the following provisions:

**You Turn Age 65 and Become Eligible for Medicare**:

Your coverage in the health plan under a group contract will end when you reach age 65 and become eligible for Medicare (Part A and Part B). However, as allowed by federal law, the subscriber (and the spouse and/or dependents) may have the option of continuing coverage in this health plan under a group contract when the subscriber remains as an actively working employee after reaching age 65. You should review all options available to you with the plan sponsor. (Medicare eligible subscribers who retire and/or their spouses are not eligible to continue coverage in this health plan under a group contract once they reach age 65.)

**Medicare Program**:

When you are eligible for Medicare and Medicare is allowed by federal law to be the primary payor, the coverage provided by this health plan will be reduced by the amount of benefits allowed under Medicare for the same covered services. This reduction will be made whether or not you actually receive the benefits from Medicare.

**Age 65 or Older**

If your *group* employs 20 or more employees and if you are age 65 or older and are eligible for Medicare only because of age, this health plan will provide benefits before Medicare benefits as long as you have chosen this health plan as your primary payor. This can be the case only if you are an actively employed *subscriber* or the enrolled spouse of the actively employed *subscriber*. (If you are actively employed at the time you reach age 65 and become eligible for Medicare, you must choose between Medicare and this health plan as the primary payor of your health care benefits. For more help, contact your *plan sponsor*.)

Additionally, BCBS's Plan Sponsor Manual outlines the following pertinent scenario:

**Common Situations of Primary vs. Secondary Payer Responsibility**

The following list identifies some common situations when Medicare and other health insurance or coverage may be present, and which entity will be the primary or secondary payer.

> 1. Working Aged (Medicare beneficiaries age 65 or older) and Employer Group Health Plan (GHP):

• Individual is age 65 or older, is covered by a GHP through current employment or spouse's current employment AND the employer has less than 20 employees: **Medicare pays Primary**, GHP pays secondary.

## Discussion

### Plaintiffs' Motion to Strike

Plaintiffs argue that *Exhibit B*[1] to BCBS's motion to dismiss was created after BCBS was in receipt of the Plaintiffs' demand letter, the exhibit is incomplete as it does not include all necessary coverage provisions, and should not be considered in deciding a Rule 12(b)(6) motion to dismiss because it is a matter outside of the pleadings.  BCBS contends that the motion to strike should be denied as Plaintiffs have quoted the Plan and cited to various excerpts therefore in their complaint thereby incorporating it by reference. Additionally, Plaintiffs' incompleteness argument lacks merit as they themselves have cited to numerous Plan provisions in their oppositions and other submissions-- in fact, the Plaintiffs' demand letter contains citations to the Plan's language found in the excerpts attached to BCBS's motion. *See Exhibit A* to Plaintiffs' Motion to Strike (Doc. 25-1), pp. 3-4.  As to Plaintiffs' argument that *Exhibit B* is an excerpt of the Plan which the Court is being asked to consider out of context, BCBS argues that consideration of *Exhibit B* will not prejudice Plaintiffs and the Plaintiffs' have not pointed to any

---

[1] *Exhibit B* is an excerpt of the Plan—the "Premium Account Agreement" which contains the terms of the arrangement between BCBS and BourgeiosWhite.

Plan language which they contend is necessary for the Court to consider in determining whether Bourgeios's medical expenses should have been covered.

In ruling on whether the plaintiff has stated an actionable claim, the inquiring court must consider only the complaint, documents annexed to it; the court cannot consider affidavits and miscellaneous documents proffered by parties, *unless* such other materials are fairly incorporated within the complaint or are susceptible to judicial notice. *Rodi v. S. New England Sch. Of Law*, 389 F.3d 5, 12 (1st Cir. 2004). I find that the frequent mention and discussion of the Plan and its provisions in the complaint can be said to fairly incorporate that document by reference therein— indeed, the entirety of Plaintiffs' claims against BCBS and at least the factual and/or legal underpinnings of some of their claims against Hayes and Boston Hill are dependent on the Plan language. Accordingly, to the extend that BCBS had submitted the Plan in its entirety as an exhibit, the Court could consider it in deciding the BCBS's motion to dismiss without converting it into one for summary judgment. The question now becomes whether the Court should strike *Exhibit B* because considering an excerpt of the Plan would be unfair to the Plaintiffs because the Court would be making a determination of whether Bourgeios was entitled to coverage under the Plan on an incomplete record.[2]

First, I agree with BCBS that any assertion that Plaintiffs do not possess the Plan in its entirety is disingenuous and belied by the record. In arguing whether the Court should consider *Exhibit B* as a stand-alone provision, the parties have cited to Fed.R.Evid. 106 which provides that when a party "introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Under

---

[2] To the extent that the Court agrees with the Plaintiffs, BCBS has offered to supplement the record by submitting the Plan in its entirety.

Rule 106, BCBS is entitled to cite to and discuss any part of the Plan in their motion. Plaintiffs could seek to have BCBS submit the Plan in its entirety and request supplemental briefing, however, they have failed to establish that fairness requires that the Plan as a whole, or any specific excerpt thereof should be considered at this time. Plaintiffs' motion to strike *Exhibit B*, is *denied*.

BCBS's Motion to Dismiss for Failure to State a Claim

BCBS seeks to dismiss Counts I and II on the grounds that BourgeoisWhite lacks standing to bring these claims and Bourgeois failed to exhaust his administrative remedies with respect thereto. Additionally, BCBS asserts that Plaintiffs' request for injunctive relief is improper as other adequate remedies are available.

As to Bourgeois, BCBS argues that his claim must be dismissed for failure to exhaust his administrative remedies. *See Cruz v. Bristol-Myers Squibb Co., PR, Inc.*, 699 F.3d 563, 572 (1st Cir. 2012) (holding that a claim must be dismissed when the plaintiff has failed to exhaust their administrative remedies). The Plan expressly provides an appeal process for situations such as this where BCBS has denied a request for coverage. Bourgeois has never filed an appeal with BCBS as he contends that he was instructed by Hayes that an appeal would be futile unless he first applied to obtain Medicare Part B retroactively. The futility exception allows a claim to proceed without exhausting administrative measures if, based on past patterns of agency or administrator, or present position of current litigation, the further administrate review would provide no relief. *Drinkwater v. Metro. Life Ins. Co.*, 846 F.2d 821 (1st Cir. 1988). Even if the Court were to accept that Hayes made such representations, and that Bourgeois, a lawyer, *reasonably* relied on them, Bourgeois has failed to explain why he never filed an appeal after

receiving his Medicare Part B retroactive date of May 1, 2020. BCBS's motion to dismiss Count I is *granted* as to Bourgeois as he has failed to exhaust his administrative remedies.

BourgeoisWhite would have standing to make a claim under ERISA against BCBS only to the extent it seeks restitution. For example, BourgeoisWhite would have standing to recover for overpaying for an ERISA regulated plan when equity so demands. *Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 966 (1st Cir. 1989). In the complaint, BourgeoisWhite asserts it paid 30 months of premiums for the Plan, which it believed would cover Bourgeois both before and after his 65th birthday. While BourgeoisWhite was not given notice of a change in the Plan regarding Bourgeois' coverage after he turned 65, the Plaintiffs do not seek restitution for any alleged overpayments. Because BourgeoisWhite lacks standing to bring a claim against BCBS for failure to provide coverage to Bourgeois, BCBS' motion to dismiss Count I as to BourgeiosWhite is *granted*.

With respect to Count II, in order to obtain a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits, that there is a potential for immediate and irreparable harm absent an injunction, that any harm to the plaintiff outweighs any harm to the defendant, and that granting a preliminary injunction would not adversely affect the public interest. *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004). Plaintiffs' claim for preliminary injunction fails for two reasons. First, Plaintiffs have failed to establish that they would succeed on the merits. Under the preliminary injunction analysis, the question of likelihood of success on the merits is held to be the critical factor. *Public Service Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987); *Auburn News Co. v. Providence Journal Co.*, 659 F.2d 273, 277 (1st Cir. 1981) ("the probability-of-success component has loomed large in cases before this court"). Second, Bourgeois has attained a retroactive Medicare Part B

effective date and therefore cannot establish potential future harm. The potential future harm contemplated under the preliminary injunction test must be irreparable and cannot be speculative. *Public Service Co.*, 659 F.2d at 277 ("speculative injury does not constitute a showing of irreparable harm"). In an attempt to demonstrate the requisite potential harm, Plaintiffs rely BCBS's denial of full coverage for a surgery that occurred in August 2019. However, given the Bourgeois has obtained a retroactive effective date for his Medicare Part B coverage, the likelihood of potential future harm is not only speculative, it, is for all intents and purposes, non-existent. Because Plaintiffs have failed to state plausible claims for injunctive relief against BCBS, BCBS's motion to dismiss is *granted* as to Count II.

Hayes' Motion to Dismiss for Failure to State a Claim

Hayes asserts that the Plaintiffs' complaint should be dismissed for failure to state a claim as Bourgeois can obtain relief by pursuing his administrative remedies, he did not have a duty to inform the Plaintiffs of the extents of their coverage, Plaintiffs have not alleged the facts necessary to support a Chapter 93A claim, and as to the Chapter 93A claim, Plaintiffs' filed this action prematurely.

Plaintiffs allege that Hayes is liable for breach of contract for actions taken or omitted in his role as agent for the Plaintiffs. Hayes role as insurance agent for BourgeoisWhite was to research, recommend, and obtain suitable group healthcare insurance coverage for its employees. The Plaintiffs have failed to plead any facts to suggest that Hayes failed to meet these obligations. Plaintiffs assert that Hayes breached his obligations by failing to notify Bourgeois that upon turning age 65, he need to apply for Medicare Part B coverage. However, as pled, Plaintiffs have failed to state a plausible claim that, after obtaining coverage for them, Hayes was contractually obligated to advise them on coverage on how to interpret plan language or that he

breached any such obligation. Because Plaintiffs have failed to state a plausible claim for breach of contract against Hayes, his motion to dismiss Count III is granted.

Plaintiffs have asserted a claim for breach of duty of good faith and fair dealing against Hayes. To show a breach of the covenant of good faith and fair dealing, the plaintiff must show "that the defendant did something that had the effect of destroying or injuring the right of [the plaintiff] to receive the fruits of the contract." *Laser Labs, Inc. v. ETL Testing Labs., Inc*., 29 F. Supp. 2d 21, 24 (D. Mass. 1998) (quoting *Anthony's Pier Four, Inc. v. HBC Assocs*., 411 Mass. 451, 471-72 (1991)). First, I have previously found that Plaintiffs have failed to establish that Hayes breached any contract or indeed, that there was a contract in place which required Hayes to provide ongoing advice regarding coverage under the Plan. Additionally, the Plaintiffs have failed to state any facts suggesting that Hayes acted in a manner to destroy or injure their rights under the Plan. Consequently, this Court *grants* Hayes' motion to dismiss the Plaintiffs' claim for breach of duty of good faith and fair dealing (Count IV).

Plaintiffs allege that Hayes is liable for negligence as he failed to notify the Plaintiffs that because BourgeiosWhite employed less than 20 employees, BCBS would not provide full coverage to any employee who after reaching the age of 65 failed to obtain Medicare Part B coverage. However, absent special circumstance, an insurance agent does not have a duty to ensure that the policies provide adequate coverage for the need of the insured. *Perreault v. AIS Affinity Insurance Agency of* New *England, Inc.,* 93 Mass. App. Ct. 673, 677 (2018). An insured individual cannot avoid responsibility for learning the coverage of the policy, even though the insured may rely on their broker as an agent. *Campione v. Wilson,* 422 Mass. 185, 196 (1996). The Plaintiffs have not alleged any facts in their complaint which would establish the special

circumstances necessary to state a plausible claim against Hayes for negligence. Accordingly, Hayes' motion to dismiss Count V is *granted*.

Plaintiffs have asserted a claim against Hayes for negligent misrepresentation based on Hayes failure to disclose the parameters of the Plan. The first element of negligent misrepresentation is for the defendant to have made a false statement of material fact. *McEneaney v. Chestnut Hill Realty Corp.*, 38 Mass. App. Ct. 573, 575 (1995). Simply put, the Plaintiffs' allegations fail to assert sufficient facts to create a plausible claim against Hayes for negligent misrepresentation. Indeed, the only representation identified in the complaint is that Hayes recommended the BCBS Plan to BourgeoisWhite. Hayes' motion to dismiss Plaintiffs' negligent misrepresentation claim (Count VI) is *granted*.

Plaintiffs have also asserted a Chapter 93A claim against Hayes based on his acts, practices, errors, and omissions. Hayes contends that the Plaintiffs' Chapter 93A claim should be dismissed because the Plaintiffs failed to give him the required 30 days to respond to their demand letter. The Massachusetts Supreme Judicial Court issued a standing order that tolled all statutory deadlines until July 1, 2020. The Plaintiffs' complaint was filed prior to the mandatory 30-day deadline for Hayes' response to the Plaintiffs' demand letter. Therefore, the Plaintiffs have failed to comply with the Massachusetts Supreme Judicial Court's issuance by not allowing Hayes to have his required allotted time to respond. This Court *grants* Hayes' motion to dismiss Count (VII) because the Plaintiffs' Chapter 93A claim was filed prematurely. Even were the Court to find that Plaintiffs had given Hayes the required notice, the claim would be dismissed because for the same reasons I have found their other claims against Hayes deficient, Plaintiffs have failed to state a plausible claim against him for violation of Chapter 93A.

Boston Hill's Motion for Judgment on the Pleadings

Plaintiffs assert the same claims of breach of contract, breach of covenant of good faith and fair dealing, negligence, negligent misrepresentation, and violation of Chapter 93A against Boston Hill as they do against Hayes. Plaintiffs base their claims against Boston Hill on a theory of vicarious liability: Hayes was Boston Hill's agent and/or acted with the actual or apparent authority of Boston Hill and therefore, his acts and omissions are attributable to Boston Hill. Boston Hill seeks judgment on the pleadings arguing that the Plaintiffs have failed to allege the facts necessary to show apparent or actual authority by Boston Hill over Hayes, the Plaintiffs have failed to mitigate their damages, and their Chapter 93A claim is procedurally defective.

Boston Hill contends that they lacked the requisite authority over Hayes to be found liable for any of his actions or omissions. To hold an employer liable for the actions of an employee, the plaintiff must show that the employee had actual or apparent authority to act on behalf of the employer. *Linkage Corp. v. Trustees of Boston Univ.*, 425 Mass. 1, 16, *cert. denied*, 522 U.S. 1015, 118 S.Ct. 599 (1997). Hayes represented himself as an employee of Boston Hill and Boston Hill received revenue from the Plaintiffs' premium in the form of commission payments. This evidence is sufficient to establish apparent authority at this stage. However, another necessary element to hold an employer liable for the actions of their employee is that the employee committed a tort. *See Dias v. Brigham Med. Assocs.*, 438 Mass. 317, 319-20 (2002) ("[R]espondeat superior is the proposition that an employer…should be held vicariously liable for the torts of its employee…committed within the scope of employment"). The Plaintiffs' tort claims against Hayes have been dismissed, therefore, the tort claims against Boston Hill which are derivative of their claim against Hayes must also be dismissed. Consequently, Boston Hill's motion for judgment on the pleadings is *granted* and the Plaintiffs' claims for negligence,

negligent misrepresentation (based on any actions of Hayes), and violation of Chapter 93A (Counts V, VI, and VII) are dismissed as Hayes was not found to have acted tortiously.

Plaintiffs have also asserted an independent claim for negligent misrepresentation against Boston Hill based on the language that appears on its website which states that an employed participant of a group health care plan can elect not to enroll in Medicare Part B upon turning 65 without penalty. It is unclear from the complaint whether Bourgeios viewed this alleged representation prior to electing not to enroll in Medicare Part B, however, the allegations in the complaint assert that Boston Hill made negligent representations which Plaintiffs relied on. At this stage of the proceedings, making all reasonable inferences in favor of the Plaintiffs. Their allegations are sufficient to state a plausible claim for negligent misrepresentation and therefore, Boston Hill's motion to dismiss Count VI is denied.

Plaintiffs also assert the same breach of contract and breach of covenant of good faith and fair dealing claims against Boston Hill as they do against Hayes. I have previously found that Plaintiffs have failed to allege any facts to demonstrate that Hayes entered into or breached a contract which would require updating the Plaintiffs regarding the scope of their coverage, or that Hayes breached the covenant of good faith and fair dealing. Accordingly, Plaintiffs attempt to hold Boston Hill liable for breach of contract and breach of covenant of good faith and fair dealing based on Hayes' conduct likewise fails. Boston Hill's motion is *granted* and the Plaintiffs' claims for breach of contract and breach of covenant of good faith (Counts III and IV) are dismissed.

Boston Hill asserts that the Plaintiffs' complaint should also be dismissed on the grounds that the Plaintiffs have failed to mitigate their damages as Bourgeios failed to file an appeal with BCBS. While I find merit to this argument, it is more properly asserted as a defense to any

damages claimed by the Plaintiffs. Boston Hill also contends that the Chapter 93A claim against it must be dismissed as Plaintiffs' demand letter is procedurally defective. A demand letter is insufficient if it is not addressed to the prospective respondent, even if it is sent to the company's address. *Smith v. Jenkins*, 732 F.3d 51, 74 (1st Cir. 2013). Although Plaintiffs did send a demand letter to Boston Hill's address, the demand letter is procedurally defective because it was addressed to Hayes. For this additional reason, Boston Hill's motion for judgment on the pleadings as to the Chapter 93A claim is *granted*.

## Conclusion

1. Defendant Blude Cross and Blue Shield of Massachusetts, Inc.'s Motion To Dismiss (Docket No. 16) is ***granted***;

2. Plaintiffs' Motion To Strike (Docket No. 25) is ***denied***;

3. Defendant, Joseph Hayes' Motion To Dismiss (Docket No. 26) is ***granted***; and

4. Defendant Boston Hill Advisors, LLC's Motion For Judgment on the Pleadings (Docket No. 32) is ***granted***, in part, and ***denied***, in part.

To the extent I have granted Defendants' motions to dismiss, it is without prejudice to Plaintiffs amending their complaint.

**SO ORDERED.**

/s/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**